IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:91-cr-71 |
| | : | 4:16-cv-1294 |
| v. | : | |
| | : | Hon. John E. Jones III |
| GENE ALLEN HERROLD, | : | |
| Defendant. | : | |

## <u>MEMORANDUM</u>

### December 20, 2016

Before the Court is Gene Herrold's ("Herrold") Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 201) filed on June 24, 2016. The matter was temporarily stayed by our Order of June 27, 2016 (Doc. 204) while Herrold sought leave from the United States Court of Appeals for the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255. The Third Circuit granted Herrold's request on July 6, 2016 (Doc. 205) and we issued a briefing schedule thereafter. (Doc. 206). The Motion has now been fully briefed by the parties (Docs. 209 and 210) and is therefore ripe for our review. For the reasons that follow, the Motion shall be granted to the extent that we conclude that Herrold's 1975 burglary conviction is not a predicate offense under the Armed Career Criminal Act, and as such, Herrold's sentence must be corrected.[1]

---

[1] Also pending before the Court is Herrold's recently filed Motion for Bond Pending Habeas Proceeding (Doc. 211). Inasmuch as we shall grant Herrold's § 2255 Motion and resentence him in a way that will effectively result in his immediate release, the Motion for Bond shall be dismissed as moot.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

On October 2, 1992, a jury sitting in the Middle District of Pennsylvania found Herrold guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 1), and possession of a firearm during drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 2).  Herrold was sentenced under the Armed Career Criminal Act ("ACCA") based on a determination that he had three prior qualifying convictions under the statute, and thus was subjected to ACCA's enhanced sentencing penalty of a 15 year mandatory minimum term of imprisonment.  *See* 18 U.S.C. § 924(e).  The second count of conviction, possession of a firearm during drug trafficking, carried with it a 5 year mandatory minimum term of imprisonment to be served consecutively to any other sentence imposed.  18 U.S.C. § 924(c)(1). On January 29, 1993, our late colleague, the Honorable Malcolm Muir, sentenced Herrold to 391 months imprisonment.  The sentence consisted of a term of 331 months on Count 1, and the consecutive mandatory minimum 60 month term on Count 2.

Herrold filed a direct appeal on February 8, 1993, and the Third Circuit affirmed his conviction and sentence by opinion dated September 21, 1993.  *See United States v. Herrold*, 8 F.3d 814 (3d Cir. 1993).  The United States Supreme Court denied Herrold's petition for writ of certiorari.  *Herrold v. United States*, 510

U.S. 1100 (1994).  Herrold also filed for habeas corpus relief pursuant to 28 U.S.C. §§ 2255 and 2241, but none of those petitions were successful.

In the instant § 2255 motion, Herrold argues that his sentence must be corrected in light of the United States Supreme Court's recent ruling in *Johnson v. United States*, 135 S. Ct. 2251 (June 26, 2015).  As noted above, the instant Motion has been fully briefed by the parties and is therefore ripe for our review.

## II.    DISCUSSON

Under ACCA, a defendant faces enhanced sentencing penalties if he or she has three prior convictions for a violent felony.  Historically, under ACCA, a previous adult conviction qualified as a "violent felony" if it was punishable by imprisonment for more than one year and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another ("force clause"); (2) is burglary, arson, or extortion or involves use of explosives ("enumerated offenses clause"); or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another ("residual clause"). *See* 18 U.S.C. § 924(e)(2)(B).  In *Johnson,* the Supreme Court struck down ACCA's residual clause as unconstitutionally vague; thus following *Johnson*, the residual clause may not be used as a legal basis to qualify a prior conviction for the enhanced sentencing penalties under ACCA.

To determine if a conviction qualifies as a predicate offense under ACCA's enumerated offenses clause, courts are to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime – *i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  The conviction qualifies as a predicate  under the enumerated offenses clause "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*[2]  "But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps*, 133 S. Ct. at 2283.

Herrold's primary argument in the instant Motion is that his 1975 conviction for burglary does not qualify as a violent felony under the enumerated clause or the force clause, thus it must have been considered by Judge Muir under the residual clause.  If Herrold's argument prevails, in light of *Johnson*, his 1975 conviction for burglary can no longer qualify as a violent felony under ACCA, because it could

---

[2] It is worth nothing that if the statute at issue is overbroad but divisible into alternative elements, the modified categorical approach is applied to look beyond the elements of the crime to determine which set of elements formed the basis of the defendant's conviction. *See United States v. Brown*, 765 F.3d 185, 190 (3d Cir. 2014)("It bears repeating that the modified categorical approach is 'applicable only to divisible statutes.'")(quoting *Descamps*, 133 S. Ct. at 2285).  If the statute is indivisible, meaning it contains a single, indivisible list of elements or alternative means of committing the crime, the inquiry ends and the modified categorical approach does not apply. *See Brown*, 765 F. 3d at 191.  Here, the parties do not dispute that Pennsylvania's burglary statute is indivisible, thus we need not travel down this path of analysis.

only have been considered a predicate offense under the now unconstitutional residual clause.

At the time of Herrold's 1975 conviction for burglary, the Pennsylvania burglary statute provided that "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa. C. S. § 3502. "Occupied structure" has always been defined in Pennsylvania as "[a]ny structure, vehicle, or place adapted for overnight accommodation of persons, or for carrying on a business therein, whether or not a person is actually present." 18 Pa. C. S. § 3501.

Herrold submits, and we agree, that his burglary conviction does not qualify under the force clause because it does not have as an element the use, attempted use, or threatened use of physical force. Herrold further submits that the offense does not qualify under the enumerated offenses clause because the elements of the Pennsylvania burglary statute do not match the elements of generic burglary, but rather cover a broader swath of conduct than the generic burglary offense.

The Supreme Court has instructed that generic burglary has the following elements: an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575,

598-99 (1990).  The Third Circuit has specifically held that Pennsylvania's

burglary statute is broader than generic burglary, based on the definition of

"occupied structure," which includes not just entry into a building or structure, but

also into an automobile or other vehicle and entry into any place adapted for

carrying on business.  *United States v. Bennett*, 100 F.3d 1105, 1109 (3d Cir.

1996).  Thus, Herrold's 1975 conviction for burglary in Pennsylvania is not a

violent felony under ACCA, and therefore does not qualify as a predicate offense

under ACCA.[3]  *See also United States v. Delmar Harris*,1:06-cr-268 (Doc. 42),

___ F. Supp. 3d ___, 2016 WL 4539183, * 11 (M.D. Pa. Aug. 31, 2016)(Caldwell,

J).  The disqualification of Herrold's burglary conviction as a predicate offense

results in Herrold having less than 3 prior predicate offenses for ACCA purposes,

thus he can no longer be considered an armed career criminal subjected to ACCA's

enhanced penalties and must be resentenced.

An appropriate Order shall issue.

---

[3] Because our determination that Herrold's 1975 burglary conviction is not a violent felony under ACCA necessarily disqualifies him as an armed career criminal under ACCA, we pass no judgment on Herrold's arguments that his 1979 robbery conviction and federal bank robbery conviction do not qualify as predicate offenses under ACCA.